IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TANYA R. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-052 |
| | ) | |
| WACHOVIA BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

On March 20, 2008, *pro se* Plaintiff filed a complaint in the State Court for Richmond County, in Georgia. (Doc. no. 1). On April 24, 2008, Defendant removed the case to this Court. (Id.). The matter is now before the Court on Defendant's motion to dismiss Plaintiff's case (doc. no. 11), Plaintiff's motion requesting a "Transfer to GA-State Ct . . . Demand for Jury Trial . . . Request for Judge Booker . . . [and] Requesting Reconsideration,"[1] (doc. nos. 12-1, 12-2, 12-3), and Plaintiff's "Motion for Consideration," (doc. no. 21). For the following reasons, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**, that Plaintiff's motion for remand be **DENIED**, that Plaintiff's motion for consideration be deemed **MOOT**,[2] that this case be

---

[1] For clarity purposes, the Court will refer to this motion as Plaintiff's motion for remand.

[2] Although Plaintiff entitles this document as a "motion" for consideration, it appears to be her opposition/response to Defendant's motion to dismiss. Accordingly, the Court has

**DISMISSED**, and that this case be **CLOSED**.

## I. BACKGROUND

Plaintiff complains of the "wrongful conduct, and reckless behavior of the above-name[d] Defendant, predicated under the Title VII of the Civil Rights Act of 1964 and the common law of GA. (Tort Act) OCGA. 51-1 (2007) Negligence, Breach of Legal Duties established under the O.C.G.A -7.1 (2007) codes for financial institutions, violations under those codes." (Doc. no. 1, Ex. A, p. 1). Plaintiff apparently seeks to hold Defendant accountable for the actions of a "now former employee - Carla Anglin." (Id. at 2). Plaintiff argues in this regard that Defendant failed to properly supervise Ms. Anglin, and thus, Defendant's actions were "fraudulent and deceitful." (Id.). Plaintiff asserts that Defendant's actions were fraudulent and deceitful for firing "the employee under other claims as pretext." (Id.). The Court presumes, although it is far from clear, that Plaintiff means that Defendant fired Ms. Anglin and that Defendant's asserted reason for firing Ms. Anglin, according to Plaintiff, is a pretextual one. According to Plaintiff, as a result of Defendant's "lack of DUE CARE, Dishonesty, and breach of TRUST," they caused her "INTENTIONAL INFLICTION of emotional distress." (Id.). Nowhere in Plaintiff's complaint does she explain the incident that forms the basis for her complaint, i.e. she does not explain what Ms. Anglin purportedly did to her.

Plaintiff's invocation of Title VII is puzzling in that although she notes that she was a Wachovia customer for two years, she does not claim to have ever been employed by

---

considered this document in ruling on Defendant's motion to dismiss. Thus, Plaintiff's "motion" should be deemed moot.

2

Defendant. (Id.). Plaintiff seeks damages "not limited to[:] past [and] future economic loss, past and future non-economic [loss] including emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of [her] life, loss of enjoyment of life - to include punitive damages." (Id.).

Defendant removed Plaintiff's case to this Court based on original jurisdiction and diversity of citizenship, and has moved for dismissal of Plaintiff's case. (Doc. nos. 1, 11). Plaintiff now maintains that her reference to Title VII in her complaint was a misstatement, and in fact, she is solely asserting state law causes of actions. (Doc. no. 12). As such, Plaintiff seeks to have her case "transferred" back to state court.

## II. DISCUSSION

A. **Motion for Remand**

On April 24, 2008, Defendant removed this matter to this Court. (Doc. no. 1). Defendant asserts that this Court has original jurisdiction of the above-captioned case pursuant to 28 U.S.C. § 1441 because Plaintiff has asserted a Title VII claim, a claim arising under the Constitution, laws or treaties of the United States. (Id. at 2). Moreover, Defendant asserts that this Court has jurisdiction of the claims pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000. (Id.). Plaintiff objects to the "transfer" and seeks a "State Ct. Return." (Doc. no. 12, p. 1). Plaintiff apparently contends that she did not intend to file a Title VII claim, and she simply seeks relief under Georgia Statutes. (Id.).

Pursuant to 28 U.S.C. § 1441(a), "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims. See Univ. of South Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1556-57 (11th Cir. 1989)). Furthermore, a federal court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction. Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1244 n.3 (11th Cir. 2007) (citing Behlen v. Merrill Lynch, Phoenix Inv. Partners, Ltd., 311 F.3d 1287 (11th Cir. 2002) (holding that a district court must determine whether a federal question exists at the time of removal using the original complaint rather than after removal under an amended complaint that dropped the federal claim)).

The enforcement provisions of Title VII provide that "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e-5(f)(3) (1982 ed.). Plaintiff's complaint specifically states that she is bringing claims "predicated under the Title VII of the Civil Rights Act of 1964." (Doc. no. 1, Ex. A, p. 1). As such, at the time that Defendant removed the above-captioned case, this Court had subject matter jurisdiction. That Plaintiff now claims she asserted a Title VII claim in error does not alter the fact that, at the time this case was removed, Plaintiff's complaint was "predicated" on Title VII. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion

4

for remand be **DENIED**.[3]

**B.     Motion to Dismiss**

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Finance, Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992) (Edenfield, J.). In deciding a motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to the non-moving party. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Furthermore, a claim presented by a *pro se* litigant like Plaintiff should not be dismissed unless it appears that no relief can be granted by any set of facts that can be proved in support of the complaint's allegations. Hughes v. Rowe, 449 U.S. 5, 10 (1980) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*); see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt from the face of the complaint that the plaintiff can prove no set of facts consistent with the allegation that would entitle him to relief). Granting a motion to dismiss is disfavored and rare. Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). Finally, while factual allegations in the complaint must be taken as

---

[3]Where a Title VII claim is properly before the district court, and the state law claims are a part of the same nucleus of operative facts, the district court may assert supplemental jurisdiction over the claims in accordance with 28 U.S.C. § 1367. Pintando, 501 F.3d at 1242. A district court has discretion to continue to exercise jurisdiction over state law claims in a case even after dismissing the federal claim that created the original jurisdiction. Id. at 1242-43. Thus, even though Plaintiff's Title VII claim should be dismissed, the Court will also address Plaintiff's state law claims.

5

true when considering a motion to dismiss, there is no requirement that the Court must accept as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985). With these principles in mind, the Court turns its attention to the motion at hand.

According to Defendant, the Court should dismiss Plaintiff's claims because she has failed to comply with the pleading requirements set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure. (Doc. no. 11, p. 2). Plaintiff maintains that the Court should not dismiss her case simply because she, as a *pro se* Plaintiff, does not fully comprehend the court proceedings, and she should not be penalized for not being able to afford legal assistance. (Doc. no. 21, p. 1).

Plaintiff's complaint falls short of the requirements of the Federal Rules of Civil Procedure, which require a "short, plain statement" of the claims entitling a plaintiff to relief. Under Fed. R. Civ. P. 8(a), Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that she is entitled to relief, and (3) demanding judgment for the relief that she seeks. Here, Plaintiff's complaint fails to meet that standard. As to Plaintiff's state law claims, although she asserts that Defendant has acted wrongfully, recklessly, and fraudulently, she never explains what Defendant did or failed to do that resulted in this purported wrongful, reckless, and fraudulent behavior. Plaintiff simply provides these conclusory allegations without any supporting facts. Similarly, Plaintiff never explains or provides any facts about what occurred between she and Ms. Anglin. Therefore, even though it is apparent Plaintiff believes she was somehow wronged by Ms. Anglin, she does not state how or why. Nor does Plaintiff explain how or why Ms. Anglin's behavior

should be attributed to Defendant, thereby making Defendant liable to Plaintiff for Ms. Anglin's behavior. Without this information, Plaintiff has failed to allege any viable claims. Simply put, Plaintiff has not given Defendant a fair notice of the basis of her asserted claims.

Concerning Plaintiff's Title VII claim, Plaintiff does not allege that she was ever employed by Defendant, she merely claims to have been a customer for approximately two years.[4] Title VII makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... race ... or national origin." 42 U.S.C. § 2000e-2(a). An "employer" under Title VII is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). An employee is defined as "an individual employed by an employer." 42 U.S.C. § 2000e(f). Here, Plaintiff does not claim to be employed by Defendant; thus, her complaint does not provide a basis for standing to assert a Title VII claim against Defendant. Even *liberally* construing Plaintiff's complaint, she has not alleged sufficient information to show that she is entitled to relief.

Moreover, even if Plaintiff had alleged a viable Title VII claim, it appears that she did not file a Charge of Discrimination. It is well-settled that a Charge of Discrimination must be filed with the EEOC prior to commencing a Title VII action. Gregory v. Georgia

---

[4]Additionally, as noted above, Plaintiff, in her motion for remand concedes that she does not have, and did not intend to file, a Title VII claim.

Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (*per curiam*). As the Eleventh Circuit has explained:

> The purpose of this exhaustion requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983); see also Wu v. Thomas, 863 F.2d 1543, 1548 (11th Cir. 1989) ("The purpose of the filing requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC.") (internal quotation and citation omitted). This Court further has noted that judicial claims are allowed if they "amplify, clarify, or more clearly focus" the allegations in the EEOC complaint, but has cautioned that allegations of new acts of discrimination are inappropriate. Wu, 863 F.2d at 1547 (citation omitted).

Id. at 1279-80. Thus, Plaintiff's failure to file a Charge of Discrimination precludes her from raising a Title VII claim in this lawsuit.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss (doc. no. 11) be **GRANTED**, that Plaintiff's motion for remand (doc. nos. 12-1, 12-2, 12-3) be **DENIED**, that Plaintiff motion for consideration (doc. no. 21) be deemed **MOOT**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED AND RECOMMENDED this 26th day November 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE